IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONALD THOMAS, )
)
        Plaintiff, )
)
vs. ) CIVIL NO. 08-cv-043-GPM
)
WARDEN MENSING, *et al.*, )
)
        Defendants. )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, currently an inmate in the Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

On December 17, 2007, while in the Vandalia Correctional Center, Plaintiff was involved in incidents with two different officers. Each incident led to a disciplinary ticket for assault. Although the record before the Court is sketchy, it seems that Plaintiff was found guilty and punished with one year in segregation, one year at C-grade, and the revocation of one year of good conduct credit. In this action, Plaintiff claims that the charges were falsified, and he seeks restoration of his good conduct credit.

The proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994); *Clayton-EL v. Fisher*, 96 F.3d 236, 242 (7th Cir. 1996). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *Taylor v. Franzen*, 93 Ill.App.3d 758, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981). *See also United States ex rel. Isaac v. Franzen*, 531 F. Supp. 1086, 1091-94 (N.D. Ill. 1982). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Plaintiff's claim. Plaintiff must exhaust his state court remedies before bringing his claims to federal court.

Plaintiff also makes reference to a cell shake-down in which certain items of his personal property were confiscated. The only constitutional right that might be implicated by this incident is Plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, a plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, a plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims

court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILCS 505/8 (1995). Accordingly, Plaintiff has no claim under Section 1983.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: 08/04/08

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge